# Beck & Pauli Lithographing Co. v. Houppert & Worcester.

*Action on a Contract for Sale of Goods.*

| 104 | 503 |
| 108 | 137 |
| 104 | 503 |
| 117 | 264 |
| 104 | 503 |
| 137 | 425 |

1. *Fraud; written instrument vitiated thereby.*—Where the execution of a written instrument is obtained by a misrepresentation of its contents, and a party is induced by such fraud to sign an instrument he did not know he was signing, and which he did not intend to sign, the party so defrauded can avoid the effect of his signature, because of the fraud practiced upon him, notwithstanding he may have neglected to read the instrument, or to have it read to him.

2. *Same; same; burden of proof.*—Where one undertakes to impeach a written instrument, as having been procured by fraud, the burden is on him to establish the fraud by clear and satisfactory evidence.

[Beck & Pauli Lithographing Co v. Houppert & Worcester.]

3. *Action on a contract on sale; sufficiency of plea alleging fraud.*—In an action to recover the price of goods sold under a written contract, a plea which alleges that plaintiff's agent drew up the contract sued upon, read it over to the defendant in the terms agreed upon, and, believing that the instrument was written as read, the defendant executed it, and then sets out the difference between the instrument defendant signed and the one he meant to sign, sufficiently avers that the contract was procured by fraud, and such plea is not demurrable.

4. *Same; evidence of extent of business &c. inadmissible.*—In an action on a contract to recover the purchase price of goods sold, evidence as to the extent of the defendant's business and as to the quantity of goods, of the character purchased, was annually consumed by defendant, or was suitable for his business, is irrelevant and inadmissible.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

The present suit was brought by the appellant against the appellees, to recover the price of certain articles of stationery, which were alleged to have been sold by the plaintiff to the defendants under a written contract which was contained in a proposition to furnish stationery at certain prices, and which was accepted by the defendants.

The complaint contains eight counts : The first was on an itemized sworn account ; the 2d, 3d, and 4th, on the common counts ; the 5th, 6th and 7th, special counts for the breach of said contract, and the 8th count was framed specially to recover as damages the profits that plaintiff would have made out of the contract. To the several counts of the complaint the defendants filed several pleas, the substance of the only two of which are considered on this appeal is sufficiently stated in the opinion. To these two special pleas the plaintiff demurred on the following grounds : 1st. Said pleas show on their faces that defendants were negligent in not reading over said contract before they executed the same ; and, 2d, because it is not alleged in said plea that the defendants, at the time of the execution of said contract, were illiterate and unable to read the same. These demurrers were overruled.

In accordance with the opinion of the court, it is deemed unnecessary to set out at length the facts disclosed on the trial of the case in the court below.

[Beck & Pauli Lithographing Co. v. Houppert & Worcester.]

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, the court rendered judgment for defendants. The plaintiff prosecutes the present appeal, and assign as error the rulings of the court upon the pleadings and the evidence, and the rendition of judgment for the defendants.

MOUNTJOY & TOMLINSON and TARRANT & KRONSHAGE, for appellant.—1. Where a party can protect himself by ordinary care and prudence he must do so; and if with full means of knowledge, being equally able to judge of the matter for himself, he relies upon the representations of another with whom he stands upon equal footing, without exercising the means of knowledge open to him, neither the courts of law nor equity will relieve him from the effects of such folly. Therefore, where one complains that he has been defrauded into signing a contract (of whose contents he was able to judge) by relying upon the misreading or misrepresentations of such contents on the part of one whose interests are antagonistic to his own, he is guilty of supine negligence, and will not be protected.—Cooley on Torts, 570–572; 8 Amer. & Eng. Encyc. of Law, 643; *Noetling v. Wright*, 72 Ill. 390; *History Co. v. Dougerhty*, 29 Pac. Rep. 649; *Upton v. Tribilcock*, 91 U. S. 45; *Finlayson v. Finlayson*, 11 Amer. St. Rep. 836; *Insurance Co. v. Hodgkins*, 66 Me. 109; *Hawkins v. Hawkins*, 50 Cal. 538.

2. The testimony offered by defendants as to the quantity of stationery, &c., annually used by defendants in their business was clearly irrelevant.—*Shrimpton & Sons v. Brice & Donehoo*, 102 Ala. 655; *History Co. v. Dougherty*, 29 Pac. Rep. 649; *Cutter v. Howe*, 122 Mass. 541; *Lewis v. Smith*, 107 Mass. 334; 1 Greenl. on Evidence, § 52; *Lincoln v. Manfg. Co.*, 9 Allen (Mass.) 181.

3. The general rule of law is that the burden of proof in regard to an allegation of fraud rests upon the party who makes it. He must prove the fraud, which means that he must show it by clear and satisfactory evidence, such as will preponderate over presumption or evidence on the other side. The evidence should be clear. This is especially so when the terms of any written instrument are impeached. In such cases the facts should be clearly and abundantly established.—*Hinton*

[Beck & Pauli Lithographing Co. v. Houppert & Worcester.]

*v. Insurance Co.*, 63 Ala. 488 ; *Turner v. Kelly,* 70 Ala. 85 ; *Campbell v. Hatchett*, 55 Ala. 548 ; *Tyson v. Chestnut*, 100 Ala. 571; *Smith v. Allen*, 102 Ala. 406; 1 Bigelow on Torts, 123, 143, 144; *Hoy v. Robinson*, 31 Pac. Rep. 62 ; *Babbitt v. Dotten*, 14 Fed. Rep. 19.

R. H. PEARSON, *contra*.

COLEMAN, J.—The complaint contains several counts, some of which are in the common form, and others upon a breach of a special agreement. The defendant pleaded the general issue and several special pleas.

The only assignments of error which arise upon the pleadings, are to the ruling of the court, overruling plaintiff's demurrer to two pleas filed on the 9th of October, 1893. These two pleas were intended to answer the counts of the complaint based upon an alleged breach of a written agreement, and aver as a defense that the execution of the written agreement was procured by fraud. It is well settled that a person who signs an instrument without reading it, when he can read, can not, in the absence of fraud, deceit or misrepresentation, avoid the effect of his signature, because not informed of its contents ; and the same rule would apply to one who can not read, if he neglects to have it read, or to enquire as to its contents. In such case, ignorance of the contents is attributable to the party's own negligence.—*Goetter v. Pickett*, 61 Ala. 387 ; *Pacific Guano Co. v. Anglin*, 82 Ala. 492 ; *Watts v. Burnett*, 56 Ala. 340 ; *Cannon v. Lindsay*, 85 Ala. 202 ; *Jones v. Cin., Selma & M. R. R. Co.*, 89 Ala. 376 ; *Sheldon v. Carter*, 90 Ala. 380.

In these cases it was held that the ignorance of the party was attributable to his negligence, in not reading the instrument, or in not making proper enquiry of its contents, and where there is an absence of fraud, deceit or misrepresentation. But the rule is otherwise where its execution is obtained by a misrepresentation of its contents ; the party signing a paper he did not know he was signing, and did not really intend to sign. It is immaterial in the latter aspect of the case, that the party signing had an opportunity to read the paper, for he may have been prevented from doing so by the very fact that he trusted to the truth of the representation made by the other party with whom he was dealing.—*Bur-*

*roughs v. Pacific Guano Co.*, 81 Ala. 255 ; *Johnson v. Cook*, 73 Ala. 537; *Foster v. Johnson*, 70 Ala. 249; *Davis v. Snider, Ib.*315; *Kinney v. Ensminger*, 87 Ala. 340.

The facts as averred in these pleas show that the parties came to an agreement, that plaintiff's agent drew up the writings, and then read them over to the defendants, in the terms agreed upon, and believing that the instrument was written as read over, they executed it. The pleas then shows the difference in the instrument signed, and the one he intended to sign. If these averments are true, the instrument was procured by fraud and misrepresentation, and is void. The demurrer was properly overruled.

The court permitted the defendants to testify as to the extent of their business, and as to how much stationery and materials of the kind, the subject of the litigation, were annually consumed by them. This was error. It was no part of the vendor's duty, under the facts of this case, to ascertain and determine, whether the character or quantity of the goods and articles offered for sale by them would be useful or beneficial to the trade and business of the purchaser. Nothing that he said was relied upon as an inducement to make the purchases, and there is no evidence that the vendor had any information on the subject. The question was directly settled in the case of *Shrimpton & Sons v. Brice*, 102 Ala. 655.

The case was tried by the court without the intervention of a jury, and under the statute this court has jurisdiction to render final judgment. The evidence is in such condition, that we think the ends of justice would be better served by a reversal and remandment of the cause. Where the trial court has the opportunity to hear the witnesses and observe their manner of testifying, it has an advantage in weighing evidence, which is not furnished to this court by the record. We will, therefore, forbear making any comment or criticism of the evidence, lest what we say, might have undue weight on another trial. It should be borne in mind, that the burden is on the party who undertakes to impeach a written instrument for fraud, to establish the fraud by clear and satisfactory evidence.

Reversed and remanded.