# Moody *v.* Hontoon.

(Decided April 16, 1908.  46 South. 452.)

1. *Venue; Place Where Cause of Action Arose.*—The subject matter of an award was damages for cutting trees, the agreement to arbitrate was made in the precinct where the cutting was done, the arbitration was had and an award in writing made in the same precinct, and defendant lived in another precinct.  Held, under section 2669, Code 1896, that the suit was properly brought in the precinct where the cause of action arose and the award was made.

2. *Arbitration and Award; Action on Award; Evidence.*—Secret instructions given to the arbitrator for one of the parties not communicated, nor intended to be communicated to the other party, and forming no part of the submission for award, was incompetent testimony and properly excluded.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by C. M. Hontoon, against W. O. Moody to enforce the award of arbitrators.  Judgment for plaintiff and defendant appeals.  Affirmed.

BILBRO & MOODY, for appellant.  The suit was brought outside of defendant's residence and should be dismissed.—Sec. 2669, Code 1896.  The court erred in giving the affirmative charge for the plaintiff.—*Hogan v. Daughdrill*, 51 Ala. 312; *Brown v. Mize*, 119 Ala. 17.

VIRGIL BOULDIN, for appellee.  Counsel discusses assignments of error but without citation of authority.

DOWDELL, J.—This action was commenced in the justice of the peace court to recover $25, the amount of an award rendered on arbitration. The suit was brought in Hollywood precinct, out of the precinct in which the defendant resided. The subject-matter of the arbitration was a claim of damages for the cutting by the defendant of the plaintiff's trees. The cutting was done in Hollywood precinct. The agreement to arbitrate was in writing, by correspondence, and was made in Hollywood precinct. The arbitration was had, and the award in writing made, in Hollywood precinct. On these facts we hold that the cause of action arose in Hollywood precinct, where the suit was instituted. The plea in abatement to the jurisdiction was not sustained, and the court's ruling to that end was free from error. Civ. Code 1896, § 2669,

The testimony of the defendant Moody, excluded by the court on motion of the plaintiff, was of secret instructions given to Moody's arbitrator, not communicated nor intended to be communicated to the plaintiff, Hontoon, and were no part of the submission for award. The court properly excluded the same.

We find no reversible error in the record, and judgment is affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and MCCLELLAN, JJ., concur.