# Willoughby *v.* Hannon.

## *Assumpsit.*

(Decided June 30th, 1908.   47 South. 241.)

1. *Evidence; Parol to Vary Writing.*—A receipt is an informal writing, subject to explanation, modification or contradiction, whether for the payment of money, or other matters or things.

2. *Release; Requisites and Validity; Consideration.*—Where a writing stated that a described life policy was received and accepted, and that the insured had read the same, and that it was in accordance with his application, and that the same is hereby accepted, is not a release of the party delivering the policy from his contract or obligation to procure and deliver a different policy, and if it could be accorded that dignity, it is not binding for want of a consideration.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by Hannon against Willoughby upon a note. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

W. L. LEE and A. E. PACE, for appellant. The writing was no more than a receipt and open to explanation, modification or contradiction by parol.—*Gravlee v. Lamkin,* 120 Ala. 210; *Rarden v. Cunningham,* 136 Ala. 263. It follows that the court erred in excluding the testimony offered to that end. The court erred in giving the affirmative charge for plaintiff.—*Mem. Co. v. Martin,* 131 Ala. 277; 125 Ala. 544; 109 Ala. 567.

ESPY & FARMER, for appellee. The court properly excluded the evidence offered.—29 Ala. 147; 11 A. & E. Ency. Law, 336-337; 119 Ala. 644. Under the facts the appellant waived whatever change was made in the policy.—40 South. 339; 39 South. 615. The court properly gave the affirmative charge for plaintiff.—*Moody v. Walker,* 89 Ala. 619.

TYSON, C. J.—This action was upon a promissory note. The defendant interposed three pleas. The first was the general issue. The second set up a defense that the consideration of the note was for a policy of insurance in the sum of $20,000 to be written and issued by the Mutual Life Insurance Company of New York on the life of defendant, to be procured by plaintiff and by

him to be delivered to defendant, which was never delivered or tendered to defendant by plaintiff. The third set up the same facts as the second, and the additional fact that the policy to be procured and delivered by plaintiff was to be a 20-payment policy. This plea avers that plaintiff never delivered or tendered a policy of that kind. Wherefore the considerations of the note had wholly failed. Issue was joined upon these pleas. On the trial the testimony tended to prove these two pleas; but the plaintiff attempted to avoid the defense invoked by them, and this without tendering the issue by a special replication, by showing that defendant had waived the performance by plaintiff of the contract alleged by accepting, in lieu of the policy contracted to be procured and delivered, a policy in the sum of $5,000 and of a different kind. As establishing this waiver, the receipt of defendant was relied on, which was in words and figures as follows: ."Received and accepted policy No. 1607774 in the Mutual Life Insurance Company of New York, for $5,000 insurance on my own life. I have paid the first premium on said policy, which I have examined and read, and which is in accordance with my application made to said company, and the same is hereby accepted. Give me $15,000 more of the same, as I am much pleased with this form of policy."

The rule is well settled that "receipts, whether for money or for other matter or thing, are regarded as informal, nondispositive writings, open to explanation, modification, or contradiction by parol evidence. * * * Such a paper may be of a twofold character. It may be not only an acknowledgment or admission of the receipt of money or other thing in payment or satisfaction of a debt, but it may contain a contract distinct and independent, or, as expressed by Mr. Greenleaf, 'terms, conditions, and agreements or assignments.' "—*Gravlee v.*

*Lamkin,* 120 Ala. 221, 24 South. 756. The only theory upon which that provision of the receipt relating to the acceptance by defendant can be held to be a contract, and, therefore, not subject to explanation, modification, or contradiction by parol evidence, must be predicated upon the idea that it operated as a release of plaintiff of the contract obligation assumed by him to procure and deliver the policy in the amount and of the kind averred in the pleas. In short, unless the recital of acceptance in the receipt rose to the dignity of a contract between the parties, the defendant was not precluded from showing by parol, at the time of its execution, all the facts and circumstances inducing his acceptance of the policy described in the receipt that was delivered. The receipt has in it no words of release, nor words expressive of an intent to release the plaintiff from his obligation to procure and deliver the policy he contracted to procure and deliver, other than such as may be implied from the use of the words "accepted" and "the same is hereby accepted." Should such an implication be indulged, and this language accorded the dignity of a release or contract, it would be a nudum pactum, for the want of. a valuable consideration to support it, which is as necessary to support a release as to support any other contract.—*Mobile, etc., R. R. Co. v. Owen,* 121 Ala. 505, 512, 25 South. 612.

The receipt not containing a binding contract of acceptance, as we have shown, the defendant should have been permitted to prove that his acceptance of the policy delivered was conditioned, or any other agreement made at the time of its signing with respect to the delivery and acceptance of the policy. Furthermore, even if the receipt contained a release by defendant of plaintiff's performance of his contract, which it does not, defendant should have been permitted to prove, if he could,

[Metropolitan Life Insurance Co. v. McCray.]

that its execution was obtained by fraud or misrepresentations.—*Western Ry. of Ala. v. Arnett,* 137 Ala. 414, 34 South. 997; *Folmar v. Siler,* 132 Ala. 297, 31 South. 719; *Beck & Co. v. Houppert,* 104 Ala. 503, 16 South. 522, 23 Am. St. Rep. 77, and cases there cited.

Reversed and remanded.

HARALSON, DOWDELL, and SIMPSON, JJ., concur.