# Wooddy *v.* Berry.

### *Assumpsit.*

(Decided December 17, 1914.  67 South. 450.)

1. *Pleading; Plea; Counts.*—Where a plea is addressed to a complaint as a whole, the complaint being composed of several counts, it must be good as to all the counts.

2. *Venue; Personal Action; Torts.*—Where a complaint was in three counts, one of which was ex delicto for deceit in the sale of land, and the other two ex contractu for breach of the same contract of sale, a plea in abatement that the defendant was a resident of a county other than that in which the suit was brought was not good as to the cause of action ex delicto, (section 6110, Code 1907) and as it was addressed to the whole complaint, it was demurrable.

APPEAL from Coosa Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by S. H. Wooddy against E. H. Berry for deceit in the sale of land, and for a breach of contract of

sale.  Judgment for defendant and plaintiff appeals.
Reversed and remanded.

RIDDLE, ELLIS & RIDDLE, for appellant.

JAMES W. STROTHER, for appellee.

MAYFIELD, J.—Appellant sued appellee in Coosa
county. The original complaint contained three counts.
The first was ex delicto, for deceit or fraud as to sale
of land; and the second and third were each ex con-
tractu, as for breaches of the same contract of sale. The
defendant pleaded in abatement, to the complaint as a
whole, that he was a resident of Tallapoosa county and
not of Coosa county. The plaintiff demurred to the
plea, and the court overruled the demurrer. The plain-
tiff then applied for leave to amend his complaint;
which leave being granted, he added several counts ex
delicto, relating to the same transaction as to sale of
lands. On motion of defendant, the court struck from
the complaint those counts added by amendment, on
the ground that they amounted to a departure from the
original complaint. The plaintiff then filed special re-
plications to the plea in abatement, to which the de-
fendant demurred, and the demurrer was sustained.
Issue being joined on the plea in abatement, there re-
sulted a verdict for the defendant on that issue, and
judgment was rendered accordingly. From that judg-
ment plaintiff prosecutes this appeal.

(1) The trial court evidently treated each count of
the original complaint as being ex contractu. If this
were true, the rulings of the court could be justified. We
are of the opinion, however, that count 1 was not ex
contractu, but was ex delicto, for deceit or fraud. If
so, the plea was no answer to this count, and the demur-
rer to the plea should have been sutained so far as it

attempted to answer the first count. The plea was addressed to the complaint as a whole, and not to each count. It therefore had to answer every count, to be good.

(2) Our venue statute, so far as is pertinent to this appeal, is as follows (Code, § 6110) : "All actions on contracts, except as may be otherwise provided, must be brought in the county in which the defendant, or one of the defendants, resides, if such defendant has within the state a permanent residence; all other personal actions, if the defendant, or one of the defendants, has within the state a permanent residence, may be brought in the county of such residence, or in the county in which the act or omission complained of may have been done, or may have occurred.   *   *   *"

This court held, in the case of *Hoge v. Herzberg,* 141 Ala. 439, 37 South. 591, that an action of detinue could be brought either in the county of the defendant's residence or in the county where the wrong was done.

A case very much like the one at bar was *Karthaus' Case,* 140 Ala. 433, 37 South. 268, wherein this court, speaking through Dowdell, J., said: "Generally speaking, where a complaint contains two or more counts, setting forth different causes of action, each count is regarded as a separate complaint. Such was the case here. The summons brought the defendant into court to answer the entire complaint and, of course, as much to answer the first count as the second. The court had jurisdiction of the subject-matter of the first count and by the summons acquired jurisdiction of the defendant. The plea in abatement should have been limited to the quashing of the summons as to the second count, of which count the court was without jurisdiction."

We do not mean to hold that each of the counts was so good as not to be subject to demurrer. That question

[Mertins v. Hubbell Publishing Co.]

is not before us. They did, however, state a cause of action. We do not mean to hold, either, that counts 2 and 3 can be joined with count 1, in a case like this, where the court has jurisdiction as to one count but not as to the other. The statutes as to amendments and venue must be construed together, so as to give effect to both if possible.

For the error pointed out, the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE, and GARDNER, JJ., concur.