(109 So. 176)

## CARDON v. HAMPTON. (7 Div. 237.)

(Court of Appeals of Alabama. May 25, 1926. Rehearing Denied June 15, 1926.)

**I. Physicians and surgeons ⬅️13.**

Party telephoning physician to come to render medical service impliedly contracted to pay physician at his place of business reasonable value of services within reasonable time.

**2. Contracts ⬅️145.**

Contract made by telephone is regarded as made where accepting party speaks.

**3. Justices of the peace ⬅️72.**

Where party telephoned physician to come to render medical service, "debt was created" where service was rendered within Code 1923, § 8711, allowing suit to be brought in justice court precinct where debt was created.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Debt.]

**4. Justices of the peace ⬅️72—Where a party was bound to pay physician's bill at his office, on nonpayment cause of action arose there within statute authorizing suit to be brought where cause of action arose (Code 1923, § 8711).**

Where party impliedly contracted to pay bill at physician's office for services rendered elsewhere, on nonpayment cause of action arose where office was located within Code 1923, § 8711, providing suit may be brought in justice court precinct where cause of action arose, since breach of contract gave rise to cause of action.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Action by S. G. Cardon against George Hampton in Justice Court. On appeal to Circuit Court judgment was rendered for defendant, and plaintiff appeals. Reversed and remanded.

Hugh Reed, of Center, for appellant.

The contract of employment was made in Center precinct, the place of acceptance. Code 1923, § 8711; 13 C. J. 582; Couret v. Conner, 118 Miss. 374, 79 So. 230; Peters v. Fertilizer Co., 73 Fla. 1001, 75 So. 749; Morgan v. Eaton, 59 Fla. 562, 52 So. 305, 138 Am. St. Rep. 167; Mott v. Jackson, 172 Ala. 448, 55 So. 528.

E. O. McCord & Son, of Gadsden, for appellee.

Counsel argue the questions treated, but without citing authorities.

BRICKEN, P. J. This was a suit on simple account and account stated. The only question presented for the consideration of this court is whether the justice court in which the cause was instituted had jurisdiction in the case. The suit was brought in Center precinct, and the defendant (appellee) resided in Leesburg precinct; both precincts being in Cherokee county. The question was raised in the justice court, and was again presented in the circuit court on appeal. The circuit court ruled that the justice court in which the suit was brought had no jurisdiction to hear and determine the cause, and accordingly rendered judgment against the plaintiff to which ruling of the court the defendant reserved an exception, and this appeal is from said judgment.

Section 8711 of the Code 1923 provides:

"Unless otherwise provided, no person can be sued out of the precinct of his residence, or that in which the debt was created, or the cause of action arose and all judgments rendered contrary to the provisions of this section shall be null and void."

The facts are that George Hampton lived in Leesburg precinct, Cherokee county. Dr. Cardon, appellant, lived in Center precinct in the same county. Mr. Hampton called the doctor over the telephone to Mr. Hampton's home. The doctor received the call at his office in Center precinct. Mr. Hampton requested the doctor to come to his home in Leesburg. The doctor responded to the call, and (presumably) rendered (professional) service to Mr. Hampton in Leesburg precinct (the bill of exceptions recites, "The work was done over there at my house; these are the facts of the case").

As stated, the doctor brought suit for his bill in Center precinct, and the defendant insisted by way of a plea to the jurisdiction that the justice court in Center precinct was without jurisdiction, and that he could be sued for this account only in the Leesburg precinct. Also, as stated, the court below, after hearing the evidence, sustained the defendant's contention, and the case is here for review.

The question is: In which precinct was the debt created; in which precinct did the cause of action arise?

[1] When the defendant, Hampton, called the physician over the telephone and requested him to come to his home for the purpose

of rendering medical service, the law, in the absence of an agreement as to specified terms, implied a contract by the defendant to pay the physician at his place of business the reasonable value of the service rendered, within a reasonable time after it was rendered.

The appellant contends that in legal effect the defendant constructively appeared at the office of the physician in Center precinct and engaged him to perform professional services, and that the contract was consummated there; that the use of the telephone in making the engagement was a mere matter of convenience to the defendant, which avoided his actual calling at the office of the physician to employ him for the services; and that therefore the debt was created or the cause of action arose in the precinct in which the physician's office was located.

The defendant contends that the account was the cause of action, and that the debt sued on was not created until the professional service was rendered, and that it was rendered in the Leesburg precinct, and that the actual contract and the performance thereof was not consummated until the physician reached Leesburg and saw for himself what was needed.

[2] The rule seems to be that where a contract is made by telephone it is regarded as made at the place from which the accepting party speaks. 13 Corpus Juris, p. 582, and authorities cited in note 65.

[3] As to the debt, we are clear to the point that there was no debt until the service was performed. The service having been performed in the Leesburg precinct, the debt "was created" there, within the meaning and intent of the quoted section of the Code.

[4] As we have observed, in the absence of an express agreement as to the details of the time and place of payment, and in the absence of a demand by the physician for payment in advance, the implied agreement was that defendant would pay the physician the reasonable value of the service rendered, within a reasonable time after its rendition, depending on circumstances, custom, and the like. The place of payment we think was implied by law as the physician's office—his place of business.

Now it is clear that the physician never had "a cause of action" until the defendant failed to pay as he was obligated to do. The failure to pay at the place and within the proper time gave rise to a cause of action. In other words, we hold that the breach of the contract, as distinguished from the contract itself, is what gave rise to the cause of action.

We therefore hold that the breach occurred in the Center precinct, as the bill was payable there, and that "the cause of action arose" in that precinct, and that suit could be properly brought in the Center precinct. Moody v. Hontoon, 155 Ala. 279, 46 So. 452; 27 R. C. L. 805, § 26; 40 Cyc. 83, and cases cited in note 87.

The ruling of the trial court was not in harmony with the conclusion we have reached. The judgment appealed from is reversed and the cause remanded.

Reversed and remanded.