**HARTFORD FIRE INS. CO. v. INGRAM.**
(5 Div. 970.)

Supreme Court of Alabama. March 24, 1927.
Rehearing Granted April 21, 1927.

1. **Insurance** ⬅️188(2)—Defendant's plea in action on insurance premium note held to sufficiently state fraudulent misrepresentations and failure of consideration.

Defendant's plea in action on note for insurance premium, alleging plaintiff's indebtedness for money paid to plaintiff's agent for insurance which plaintiff failed to deliver, *held* to sufficiently state fraudulent misrepresentations and failure of consideration.

2. **Trial** ⬅️203(1)—Court in action on insurance premium note properly stated defendant's theory of defense as denial of execution and intentional delivery of notes.

In action on insurance premium note, court properly stated defendant's theory of defense as denying execution and intentional delivery of note as the moneyed obligation declared on.

3. **Trial** ⬅️142—Affirmative instructions should be refused if evidence affords unfavorable inference to one requesting instruction.

If evidence affords an adverse reasonable inference unfavorable to one requesting affirmative instructions, the same should be refused.

4. **Trial** ⬅️253(10)—Charge authorizing recovery on insurance note if policy was mailed held properly refused in failing to hypothesize issue raised by evidence.

In action on insurance premium notes, instruction authorizing recovery if evidence showed that policies were mailed to defendant at his proper address, with postage prepaid, *held* properly refused as failing to hypothesize issue of fact relative to insurance being for a period longer than one year, which evidence tended to show was not contemplated.

On Rehearing.

5. **Insurance** ⬅️188(2)—Defendant's plea in action on insurance note relative to fraudulently procuring signature held demurrable for failure to aver facts.

Defendant's plea in action on insurance premium note, alleging fraud in inducing defendant to sign note under belief that he was signing application for insurance for one year only, *held* demurrable for failure to aver fact as to contents of paper signed.

Appeal from Circuit Court, Elmore County; R. T. Goodwyn, Special Judge.

Action on promissory note by the Hartford Fire Insurance Company against E. D. Ingram. From a judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded on rehearing.

Pleas B and C are as follows:

"B. Comes the plaintiff [defendant] in the above-styled cause and for further answer says: That the note sued on was procured by fraud, in that, at the time defendant signed said note, he was led to believe by false representation of the agent of plaintiff, upon which defendant relied, that he was signing an application for insurance for one year only, whereas said note was for five years; and that defendant paid cash for the insurance for one year and owes the plaintiff nothing."

"C. Comes the defendant in the above-styled cause and for further answer says: (1) That at the time said action was commenced, the plaintiff was indebted to him in the sum of $32.16 for money paid for the use of plaintiff to plaintiff's agent; said sum of money having been paid to plaintiff's agent for insurance to be written by said plaintiff and delivered to defendant, which the plaintiff failed to do, wherefore defendant claims judgment said excess. (2) Defendant files this plea in addition to, and as a part of, plea No. B, already filed in this cause."

---

Charge 4, refused to plaintiff, is as follows:

"(4) The court charges the jury that, if you believe from the evidence in this case that plaintiff's authorized agent mailed the policies for which note sued on was given, to the defendant at his proper address, postage prepaid, you will find for plaintiff."

Holley & Milner, of Wetumpka, for appellant.

A plea setting up fraud as a defense to an action on a note must set out all the facts constituting said fraud. Carmelich v. Mims, 88 Ala. 335, 6 So. 913; McAfee v. Coal Co., 97 Ala. 709, 11 So. 881; Noble v. Anniston Bank, 147 Ala. 697, 41 So. 136 [1]; Phœnix Ins. Co. v. Moog, 78 Ala. 284, 56 Am. Rep. 31. Where false and fraudulent representations are charged, the representations should be clearly set forth, that they were false to the knowledge of the party making them, and that defendant relied on them, was deceived, and suffered damage. 8 C. J. 931; Catlin v. Horne, 34 Ark. 169. Mere failure to read a contract is not a defense. Upton v. Tribilcock, 91 U. S. 45, 23 L. Ed. 203; Rose v. Lewis, 157 Ala. 523, 48 So. 105; Hawkins v. Hudson, 45 Ala. 482.

P. K. Shirley, of Wetumpka, for appellee. Brief of counsel did not reach the Reporter.

THOMAS, J. Plaintiff declared on notes for insurance premium, and defendant answered with no consideration, non est factum, fraud in procurement of notes, and setoff; issue was joined on these pleas.

Plaintiff's agent testified that defendant signed the notes in his presence, gave check for first installment; that the policy was not delivered by him to defendant; that such policy was issued and witness saw it several days later in the office of the agent of the company in Montgomery, and did not know of his own knowledge whether defendant received the policy. The amount of reasonable attorney's fee was fixed, the notes and the application for insurance offered in evidence, and plaintiff rested.

Defendant testified in his own behalf that he was in the garage business; that he had a transaction in his place with Hicks, who requested him to come and sign an application for insurance; that he had been frequently importuned by Hicks to take out insurance; that he finally agreed to take insurance for one year; that he was busy when Hicks requested that he sign the application, he did so without consideration of the contents of the paper, and gave him a check for $32.16 as premium; that he had never received any policy of insurance; that his first information of the notes was when asked for payment; and that he could read

and write; that all the papers signed were without reading and signed at one time.

A witness, Gresham, said he heard the defendant say he only wanted one year's insurance; that the agent of the insurance company replied he would not insure "for but one year," and called the defendant "to the desk to sign an application or whatever it was."

The signature of the notes was identified as that of the defendant by witness Weldon. Hicks being recalled, stated that he informed the defendant he was writing five years' insurance, and the Montgomery agent of plaintiff testified that the policy issued was duly mailed to defendant in a properly stamped envelope with his return address and the same was not returned by postal authorities as undelivered.

[1] There was no error in overruling demurrers to pleas B and C. The facts tending to show the fraudulent misrepresentations and failure of consideration complained of were sufficiently stated. McAfee v. Glen Mary Coal & Coke Co., 97 Ala. 709, 11 So. 881; Carmelich v. Mims, 88 Ala. 335, 6 So. 913; Phoenix Ins. Co. v. Moog, 78 Ala. 284, 56 Am. Rep. 31; Allen v. Standard Ins. Co., 198 Ala. 522, 73 So. 897. Plea C sufficiently declared in set-off, and affirmative instruction was given defendant as to matters set up in that plea.

We have examined the several rulings on evidence, and they are free from error. It was competent for the witness to answer, "What did Hicks say to that?" meaning by the context that the insurance would not be for a short period, say for one year.

[2] There was no error in the court's stating the defendant's theory of defense to be found in the evidence, that he denied the execution and intentional delivery of the notes as the moneyed obligations declared upon. This is the obvious meaning of the court in context in which appears the portions of the charge to which exception was taken.

[3] If the evidence affords an adverse reasonable inference, unfavorable to him who requires affirmative instruction, the same should be refused. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135. The circumstances of the signature to the application for insurance were sufficient to submit to the jury the issues of fact set up in plea B as to misrepresentation extending to the notes declared upon. There is a charge in that pleading of false statement or fraudulent misrepresentation as to the extent of the signature he was called upon to affix to the application. Rose v. Lewis, 157 Ala. 521, 48 So. 105.

[4] We have indicated that the court charged for the defendant under the plea of set-off, or plea C. Charge 4, instructing that on postulated facts the jury will find for the plaintiff, was properly refused. It failed to hypothesize the issue of fact as to the insur-

---

[1] Reported in full in the Southern Reporter; not reported in full in Alabama Reports.

ance for a time longer than one year, and which the evidence for defendant tends to show he did not purchase.

We find no reversible error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.

## On Rehearing.

THOMAS, J. [5] Plea B fails to aver fact as to contents of the paper signed. And this defect was challenged by grounds 3 and 5 of demurrer that should have been sustained. Beck & Pauli L. Co. v. Houppert, 104 Ala. 503, 16 So. 522, 53 Am. St. Rep. 77.

Rehearing granted, judgment of affirmance set aside, and judgment of the circuit court reversed, and the cause remanded.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.