141 So. 648

## KYSER v. SOUTHERN BUILDING & LOAN ASS'N.

### 2 Div. 4.

Supreme Court of Alabama.

April 14, 1932.

Rehearing Denied May 26, 1932.

S. F. Hobbs, of Selma, for appellant.

Pettus, Fuller & Lapsley, of Selma, and Lange, Simpson & Brantley, of Birmingham, for appellee.

BROWN, J.

Assumpsit for money had and received. All counts of the complaint, except special counts 3 and 4, were withdrawn by the plaintiff, after which the court sustained defendant's demurrers to said counts 3·and 4, and the plaintiff thereupon moved for a nonsuit, which was granted.

The right of election to rescind a contract on the ground of fraud must be made within a reasonable time after discovery of the fraud. Whitworth v. Thomas, 83 Ala. 308, 3 So. 781, 3 Am. St. Rep. 725; 6 R. C. L. 935, § 317.

And the general rule is that the innocent party with his election to rescind must place the other party in statu quo, by returning, or at least offering to return, whatever of value he has received under the contract. Consumers' Coal & Fuel Co. v. Yarbrough, 194 Ala. 482, 69 So. 897; Gayle et al. v. Pennington, 185 Ala. 53, 64 So. 572.

There are some well-recognized exceptions to this general rule, however, and one is, where the thing of value received by the innocent party is something he would be entitled to in all events, and its retention merely reduces the liability of the guilty party, the law will not require its return or an offer to return it. Bowe v. Gage, 127 Wis. 245, 106 N. W. 1074, 115 Am. St. Rep. 1010; Insurance Co. v. Hull, 51 Ohio. St. 270, 37 N. E. 1116, 46 Am. St. Rep. 571; 6 R. C. L. 938, § 319; 13 C. J. 621, § 681; Southern Building & Loan Association v. Bartee, 24 Ala. App. 555, 139 So. 293.

To state the proposition in a different way, if the innocent party has received something of value, which he is entitled to in any event, it would be vain and foolish to require him to return it to the party guilty of the fraud. and then require the innocent party to sue for

its recovery. The law *does* not require the doing of vain and foolish things.

The tender and offer to rescind, of course, must be made to the party or an agent with authority to receive the tender and offer, and the rules of good pleading require that the complaint, in an action to enforce rescission, should aver when the fraud was discovered and the date of the tender and demand for rescission. An averment that tender and offer to rescind were seasonably made, or made within a reasonable time after the discovery of the fraud, are mere conclusions of the pleader. Brunner v. Mobile-Gulfport Lumber Co., 188 Ala. 248, 66 So. 438; Central L. & T. Co. v. McClure Lumber Co., 180 Ala. 606, 61 So. 821; St. Mary's Oil Engine Co. v. Jackson Ice & Fuel Co., ante, p. 152, 138 So. 834; Alabama Power Co. v. Conine et al., 207 Ala. 435, 93 So. 22.

 The third count of the complaint was faulty in the respects pointed out by grounds 9, 11, 13, and 14 of the demurrer.

 Construing the fourth count as a whole, it shows that the tender and demand for rescission were made on the same day the fraud was discovered, and that "said demand for such refund and said tender were refused by *defendant, acting by and through its said agent,*" Mrs. Marguerite Elebash. These averments import authority in the agent to act for the principal. (Italics supplied.) Alabama Power Co. v. Conine et al., supra; City Delivery Co. v. Henry, 139 Ala. 161; 34 So. 389.

 Taking the averments of the fourth count as true, as to money withdrawn, they show nothing more than that the money so withdrawn was money belonging to the plaintiff, notwithstanding the relation between the parties and this count, on the principle before stated, was not subject to the objection that a sufficient tender was not shown. The averments of the count, however, as to the false representations, are equivocal, in that it does not appear therefrom, with certainty to a common intent, whether the false representations were in respect to the contents of the subscription contract, or otherwise, rendering the count subject to the seventeenth and nineteenth grounds of demurrer. Beck & Pauli Lithographing Co. v. Houppert & Worcester, 104 Ala. 503, 16 So. 522, 53 Am. St. Rep. 77; Hartford Fire Ins. Co. v. Ingram, 216 Ala. 111, 112 So. 424.

The demurrers to these counts of the complaint were, therefore, sustained without error.

Affirmed.

ANDERSON, C. J., and THOMAS and FOSTER, JJ., concur.