**STATE BUILDING & LOAN ASS'N v.
BRADWELL.**

**4 Div. 746.**

Supreme Court of Alabama.
Dec. 21, 1933.

Sentell, Kettler & Sentell, of Luverne, and Powell & Hamilton, of Greenville, for appellee.

Arthur B. Chilton, of Montgomery, for appellant.

**THOMAS, Justice.**

This cause is transferred from the Court of Appeals under the authority of section 7324 of the Code of 1923.

The several counts of the complaint were for damages resulting from fraud perpetrated upon plaintiff by defendant through the defendant's servants acting within the line and scope of their employment, who represented they were selling, as agents of defendant, certificates of stock which would bear 8 per cent. interest per annum, payable semiannually; that, relying upon these representations and statements, which were false, plaintiff was induced to transfer to defendant the stock of the Alabama Power Company to the value of $558, and he asks a judgment against the defendant for that amount, plus the interest it was paid to this date. In another count of the complaint, plaintiff claims a like sum for conversion "by the defendant of five shares of the capital stock of the Alabama Power Company which, he alleges, was of the value of $558.00," and then in the fourth count of the complaint he claims $558 "for money had and received by the defendant to the use of the plaintiff."

The reply was a denial of the allegations of the complaint; denial of the agency of the selling agents or that they were acting within the line and scope of their employment; saying further that, if "this plaintiff received * * * the stock as alleged in the complaint and that stock was of any value, the plaintiff neglected for a reasonable time after he discovered he was defrauded to offer to return or to return the stock."

■ The court properly sustained demurrers to appellant's (defendant's) plea to jurisdiction as to the tort counts. Age-Herald Pub. Co. v. Huddleston, 207 Ala. 40, 92 So. 193, 37 A. L. R. 898; section 10471, Code. And, being addressed to the whole complaint, and not alone to the count declaring an account (count 4), there was no error in sustaining demurrers to this plea. Wooddy v. Berry, 190 Ala. 308, 67 So. 450; Roach v. Wright, 195 Ala. 333, 70 So. 271. Count 2 states a substantial cause of action not subject to grounds assigned. That count alleges the representations made by the defendant through its agents, how they came to plaintiff's knowledge, that he relied thereupon, and was induced by the representations to part with his alleged stock and property of the value of $558, and that such misrepresentations were knowingly false. 27 C. J. 3 (147). Count 2 being sufficient, the demurrer which was directed jointly to both counts 1 and 2 was properly overruled.

■ There being no refused written charges or other rulings of the court, there is nothing to review under assignment of error 4—that there was error in submitting counts 3 and 4 to the jury.

Refused charge 1 was a request for general affirmative instruction to find for the defendant, and was directed to all four counts. If there was any evidence to sustain either of the counts, that charge was properly refused; that is to say, if the transaction between defendant's salesmen and the plaintiff was tainted with fraud, the salesmen acting in the matter within the line and scope of their authority, and through the fraud plaintiff was damaged, he would be entitled to recover on tort counts, or waiving the tort on action for money had and received.

It is further contended by defendant that Tracy and Oberholtzer, the salesmen, were not the agents of defendant's company, but of one Duke, the agent of defendant under contract to sell the certificates of stock. It is admitted that the named sales agents were acting as such salesmen of Duke, and defendant received the $558 or the proceeds of the transaction knowing at the time that Tracy and Oberholtzer were so acting, and that thereafter defendant issued and delivered the passbooks and stock in accordance with the applications taken by such agents. It is shown that from January 1, 1930, to July 30, 1930, the plaintiff retained these evidences of the sale, and then asked for his dividends, which were offered at a much reduced rate than that represented by the sales agents, and was refused. Had he examined these certificates, he would not have been informed as to such disparity of dividend rates. The evidence shows that plaintiff was a very old man, long past three score and twenty years, was very infirm of body, was educated; that the applications, when signed, were taken away by such sales agents. Under the circumstances shown by the record, he was lulled into a feeling of security by this representation of appellant's agents—as to the interest or dividends to be paid or declared. Capital Security Co. v. Owen, 196 Ala. 385, 72 So. 8; Southern Building & Loan Ass'n v. Dinsmore, 225 Ala. 550, 144 So. 21; Southern Building & Loan Ass'n v. Bryant, 225 Ala. 527, 144 So. 367; Southern Building & Loan Ass'n v. Argo, 224 Ala. 611, 141 So. 545; Kyser v. Southern Building & Loan Ass'n, 224 Ala. 673, 141 So. 648; Bankers' Mortg. Bond Co. v. Rosenthal, 226 Ala. 135, 145 So. 456; National Finance Corporation v. Atkins, ante, p. 393, 150 So. 351.

■ The general affirmative instruction should not be given on written request, if the reasonable adverse tendencies are against such request. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135. And such is the case here as to the question of the fraud and agency of the parties acting as selling agents for defendant.

The defendant did not controvert the fact that the said Oberholtzer and Tracy, who

procured from the plaintiff his Alabama Power Company stock, fraudulently represented to plaintiff that the stock he was to receive in exchange was more valuable and would yield 8 per cent. payable semiannually, while the Alabama Power Company stock was paying only 7 per cent.; but its contentions are: (1) That said Oberholtzer and Tracy were not its agents and their fraud cannot be imputed to defendant; and (2) that the plaintiff was able to read and understand the contents of the application, and there is nothing in the evidence going to show that said Oberholtzer and Tracy misrepresented its contents and thereby procured the signature of plaintiff and his wife thereto.

To answer the first contention, it is well settled that a principal cannot avoid liability for fraud committed in the prosecution of his business to the hurt of a third party, where he receives the benefits derived therefrom, by cloaking his general agent with the powers of an independent contractor with authority to employ and commission agents to carry on the business of the principal. Sovereign Camp, W. O. W., v. Feltman, 226 Ala. 390, 147 So. 396.

It is also familiar law that, where a writing is entered into by parties sui juris, as evidencing a contract complete in all of its terms, a party who puts his signature thereto cannot avoid the obligations therein assumed by pleading his ignorance of its contents, unless his signature has been procured thereto by fraudulent representations of the other party or his agent as to its contents. Beck & Pauli Lithographing Co. v. Houppert & Worcester, 104 Ala. 503, 16 So. 522, 53 Am. St. Rep. 77; Hartford Fire Ins. Co. v. Ingram, 216 Ala. 111, 112 So. 424.

This principle, however, cannot be applied to a writing which is not complete in itself, but refers to some other instrument, writing, or printing which is not available to the party defrauded, and of which the other party has knowledge. In such case the party who has not at hand such instrument or writing may rely on the representations of the other party, and, if he is deceived and defrauded by such representations, and parts with something of value, may rescind the contract and recover the consideration or retain what he receives and recover as for fraud and deceit. Southern Building & Loan Ass'n v. Bryant, 225 Ala. 527, 144 So. 367.

The written application refers to the by-laws of the defendant corporation, and such by-laws, it may be assumed, had some influence as to the value of the corporate stock, and their contents were known only to the agents of the defendant, not to the plaintiff and his wife.

The court properly submitted the controverted question of fact.

The judgment of the circuit court is free from reversible error, and is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.