30 So.2d 393

### COUSINS v. HARRISON.
### 6 Div. 360.

Court of Appeals of Alabama.
Feb. 25, 1947.

Rehearing Denied March 18, 1947.

Ben F. Ray, of Birmingham, and Upshaw G. Jones, of Wetumpka, for appellant.

Horace C. Wilkinson, of Birmingham, for appellee.

**BRICKEN, Presiding Judge.**

This is an appeal from a judgment recovered by the plaintiff in the circuit court of Jefferson County, Alabama, against the defendant, for the sum of $261.18, for injury and damage alleged to have been sustained as a result of deceit in the sale of five cows. The appeal was submitted in this court on December 17, 1946.

On November 13, 1942, appellee filed a complaint in Code form, alleging that the defendant represented to the plaintiff that four of said cows were giving 13½ gallons of milk per day and that the fifth cow had given three gallons with her first calf and would exceed that with the second calf which was to be dropped about October 4, which it is alleged the defendant knew at the time of the sale was untrue.

The defendant filed two sworn pleas in abatement, which will be set out by the Reporter.

These pleas were filed on December 2, 1942. Near the bottom of the pleas was the following language: "I, B. P. Cousins, demand a jury trial upon plea in abatement filed in this cause. This the 2nd day of December, 1942. B. P. Cousins, Defendant." This was filed on December 2, 1942.

A demurrer was sustained to the plea in abatement on the 28th of March, 1944, and on the 30th day of March, 1944 the defendant filed a demurrer to the complaint, which was overruled and at that time defendant demanded "a trial by jury when this cause comes on to be heard in the circuit court of Jefferson County, Alabama."

On the 18th day of June, 1946 when the case was called for trial, the plaintiff objected to the case being tried by a jury and moves the court to try the case without a jury. Objection was sustained and the motion granted.

The plea was in short by consent and on hearing the evidence the court rendered a verdict in favor of plaintiff and against defendant.

There are four assignments of error; the ruling on the demurrer to the plea in abatement, the ruling denying the trial by jury, the ruling overruling the amended demurrer to the complaint as last amended, and the overruling the motion for a new trial.

With respect to the plea in abatement number 1, it is only necessary to point out that the action was in tort and that the defendant did not negative the fact that the act complained of occurred in Jefferson County, Alabama, where the suit was filed. The matter relied on in plea in abatement number 1, is that the defendant was a permanent resident of Elmore County, Alabama.

With respect to plea in abatement number 2, it is averred that the act or omission complained of in the original complaint was not done in Jefferson County, Alabama, or did not occur in Jefferson County, Alabama, but the undisputed evidence does not sustain that averment. It appears that an offer was made over the telephone to the plaintiff in Birmingham, Alabama, to sell him the cows, and that offer was accepted in Birmingham, Alabama.

"Where a contract is made by telephone, it is regarded as made at the place from which the accepting party speaks." 13 C.J. Sec. 581, Note 2; 17 C.J.S. Contracts, § 356; Cardon v. Hampton, 21 Ala.App. 438, 109 So. 176.

It is of course well settled that a tort for fraud and an action for deceit is properly brought where the fraud was committed. Williams v. Hyde, 10 Ala. App. 566, 65 So. 708; Wooddy v. Berry, 190 Ala. 308, 67 So. 450; State Building & Loan Association v. Bradwell, 227 Ala. 606, 151 So. 689.

The sustaining of a demurrer to a plea is never error where the evidence

clearly shows that the plea could not have been established. Carter v. Odom, 121 Ala. 162, 25 So. 774; McCarver v. Griffin, 194 Ala. 634, 69 So. 920, Ann.Cas.1917C, 1172; Holczstein v. Bessemer Trust & Savings Bank, 223 Ala. 271, 136 So. 409.

This court pointed out in Brotherhood, etc. v. Trimm, 19 Ala.App. 429, 97 So. 770, that a plea in short by consent cured any possible error in sustaining demurrers to defendant's pleas.

As to the demand for trial by jury, it is only necessary to point out that the demand was not made within 30 days, as required by Title 7, Section 260, Alabama Code 1940. The demand endorsed on the plea in abatement was not for a trial of the case but only for "a jury trial upon plea in abatement filed in this cause." Our Supreme Court has held that a demand for a jury trial must be for the case and not for a particular trial of a particular issue in the case. Brock v. Louisville & N. R. Co., 122 Ala. 172, 26 So. 335. A request to submit a particular question to a jury is now generally regarded as a waiver of the right to a jury to try the case. 35 C.J. p. 217, Sec. 131.

The second demand for a jury trial was too late; the defendant was served with process November 17, 1942, and filed the plea in abatement with the limited demand for a jury trial December 2, 1942; the second demand for a jury trial was filed March 30, 1944. It would seem that this second demand was a recognition by appellant that the first demand was not sufficient, and under the statute above referred to, the second demand was too late.

Count 1 of the complaint as amended was in Code form and obviously was not subject to demurrer.

The third assignment of error says that the trial court erred in overruling the amended demurrer to the complaint as last amended. This complaint contains the original count and count A by way of amendment.

The assignment is to the overruling the demurrer to the complaint as last amended, and therefore is one assignment as to the ruling on both counts of the complaint. Under that assignment if either count is good, the assignment of error is bad. Count 1 being in Code form was not subject to demurrer and it is unnecessary to pass on the alleged infirmity of count A. Roach v. Wright, 195 Ala. 333, 70 So. 271; Creamery Package Mfg. Co. v. Fields, 235 Ala. 602, 180 So. 275.

With respect to the fourth assignment of error complaining of overruling of the motion for a new trial, it is sufficient to say that there was a direct conflict in many respects in the testimony of appellee and appellant and it was a question for the court to determine which was believed. The testimony on behalf of the plaintiff tended to support and prove all of the material allegations of the complaint. The defendant gave a different version of the transaction. In passing on the motion for a new trial the conflict in testimony will be weighed by this court as though the case was tried by jury and a motion made to set aside the verdict as being contrary to the evidence was overruled. Lewis v. Ebersole, 244 Ala. 200, 12 So.2d 543. Applying that rule to the record, we are not convinced that the ruling of the trial court was error, in any respect.

After a careful and attentive consideration of the entire record, the court is of the opinion that the judgment appealed from should be affirmed.

Affirmed.