[Civ. No. 9381. Third Dist. Apr. 15, 1958.]

R. G. WILSON, Respondent, v. AL SCANNAVINO, Appellant.

Forrest E. Macomber and Gordon J. Aulik for Appellant.

Millington & Millington for Respondent.

WARNE, J. pro tem.*—From an order denying his motion for a change of venue defendant appeals.

Plaintiff commenced an action in the county of Butte against the defendant upon an open book account. The complaint alleges: ''That within four years last past, plaintiff rendered, upon an open book account, work, labor, and services at defendant's special instance and request; That the value of such work, labor and services performed by the plaintiff is the sum of One Thousand Seven Hundred Forty Eight and 45/100 Dollars ($1,748.45); . . . that the whole thereof is due and owing this plaintiff''; and ''That said open book account was entered into in the Gridley Township and is payable therein.'' Gridley Township is in Butte County.

Defendant moved to change the place of trial to San Joaquin County, basing his motion on the ground that at the commencement of this action he was, and still is, a resident of the county of San Joaquin.

In his affidavit in support of the motion defendant alleges: ''that he was at the commencement of this action, and now is, a resident of the County of San Joaquin,'' and ''That the obligation sued upon was incurred, if at all, for the sub-hauling performed by the Plaintiff for this Defendant; that the Plaintiff did said sub-hauling pursuant to a telephone request from Defendant, and that pursuant to said request the Plaintiff hauled loads from Fort Klamath, California; Brown Station, Nevada; Fallon, Nevada; and Corvalis, Oregon; and that none of the hauls had as its destination any point in Butte County, California; that the open book account sued upon is based solely upon the hauls made as herein set forth.'' Plaintiff, in his affidavit in opposition to said motion, admitted the truth of the allegations contained in defendant's affidavit but alleged in addition thereto that the contract was made by telephone and that the County of Butte is a proper county for the maintenance of the action because plaintiff there received and accepted defendant's telephone request to do the subhauling.

Section 395 of the Code of Civil Procedure provides, in part:

''When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant . . . resides . . . shall be a proper county for the trial of an action founded on such obligation, and the county in which such

---

*Assigned by Chairman of Judicial Council.

obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary.''

■ In *Ward Manufacturing Co.* v. *Miley,* 131 Cal.App.2d 603, 610 [281 P.2d 343], the court said:

''The law is that a contract made by telephone is entered into at the place where the recipient of the call is at the time he accepts the offer. Restatement of Conflict of Laws, section 326, comment c, page 405: '*Acceptance by telephone.* When an acceptance is to be given by telephone, the place of contracting is where the acceptor speaks his acceptance.' (*Cf. Bank of Yolo* v. *Sperry Flour Co.,* 141 Cal. 314, 315 [74 P. 855, 65 L.R.A. 90]; *Trinity Universal Ins. Co.* v. *Mills,* 293 Ky. 463 [169 S.W.2d 311, 314]; *Traders Oil Mill Co.* v. *Arnold Bros. Gin Co.,* (Tex.Civ.App.) 225 S.W.2d 1011, 1013; *Pearson* v. *Electric Service Co. of Pensacola,* 166 Kan. 300 [201 P.2d 643, 645]; *Cousins* v. *Harrison,* 33 Ala.App. 37 [30 So.2d 393, 394]; *United States* v. *Bushwick Mills* (C.C.A.2d), 165 F.2d 198, 202; 17 C.J.S. 356, p. 814; 1 Williston on Contracts, rev. ed., § 82, p. 237; § 97, p. 312.)''

■ This fixes Butte County as the place of contract, and section 395 of the Code of Civil Procedure in effect says that all actions arising on contract shall be tried in the county in which the defendant resides, or *in which the contract was made,* unless the defendant has contracted specially and in writing as to the county in which his obligation is to be performed, in which event such county is also a proper county for the trial of the action. (*Armstrong* v. *Smith,* 49 Cal.App. 2d 528, 532 [122 P.2d 115]; *DeCampos* v. *State Comp. Ins. Fund,* 75 Cal.App.2d 13, 20-21 [170 P.2d 60]; *Dawson* v. *Goff,* 43 Cal.2d 310 [273 P.2d 1].)

■ In the instant case, Butte County being the place of acceptance of defendant's telephonic offer, the contract was there entered into and under the provisions of section 395 of the Code of Civil Procedure Butte County is a proper county for the trial of this action. Defendant attempts to void this conclusion by asserting that the contract was unilateral. It suffices to say that the record does not support such assertion.

The order denying defendant's motion for change of venue is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 11, 1958.