Shirley Waldrep appeals from a judgment dismissing her suit against Paul Nosrat on a promissory note containing a security agreement. We reverse.
On 27 August 1981 a promissory note for $11,400 payable to Shirley Waldrep, containing an agreement securing payment of it, was executed by defendant Paul Nosrat and witnessed by Edwin Waldrep. Nosrat and Edwin were brothers-in-law and co-owners of Bynum Hardware Company in Calhoun County. Nosrat is an Iranian citizen who has been engaged in business in the United States for 11 years. It was stipulated that Nosrat can read and write English.
Nosrat claimed that Edwin brought him documents purporting to be applications for credit for the hardware store that he, Nosrat, signed but did not read. One of the documents was the promissory note. It is unclear from the testimony as to who received the $11,400 but it appears that $10,000 of that amount was wired by Nosrat's wife to his brother in New York and the remainder used to pay various personal obligations of Nosrat's wife.
The note was due on 25 November 1981. Shirley demanded payment on that date but was not paid. In the note was the following provision:
 "To protect the said SHIRLEY WALDREP, or other holder of this Note, if the undersigned [Paul Nosrat] fail to pay this Note or any interest or other charges due hereunder, the undersigned grant to SHIRLEY WALDREP, or other holder of this Note, a security interest under the Uniform Commercial Code of Alabama in the following property: All inventory located at Bynum Hardware, Bynum Cut-Off Road, Bynum, Alabama and any proceeds from its sale or use and any insurance policies covering the said property and all insurance proceeds and premiums refunds. All of the property just described shall serve as collateral for this Note. . . ."
On 23 December 1981 Shirley filed this action seeking to recover the sum of $11,400 together with interest, court costs, and attorney's fees in the amount of $3,800. Shirley also sought possession of "all inventory located at Bynum Hardware." A motion for a writ of seizure of the above-mentioned property was filed, together with the required affidavits and request for pre-judgment writ of seizure.
After a hearing, judgment was entered on 27 January 1982 which contained the following:
 "This matter coming on to be heard is submitted for judgment on the pleadings and answer and testimony and exhibits presented in open Court and upon consideration thereof, the Court finds that both the plaintiff and the defendant were victims of fraud perpetrated by Edwin Waldrep, and that the defendant, Paul Nosrat, has no liability upon the promissory note and security agreement signed by him. Further, that Bynum Hardware *Page 824 
Company appears to be a corporation and that there is no evidence to bind the corporation to this security agreement.
 "It is therefore ORDERED and ADJUDGED that this action be and it hereby is dismissed."
This appeal followed.
Nosrat gave no excuse for not having read the note before signing it. He testified he signed because Edwin told him it was one of the credit applications. That document was clearly entitled:
 "PROMISSORY NOTE (SECURED) and Security Agreement"
The note is not vague or ambiguous. The general rule in Alabama is that one who has executed a written contract in ignorance of its contents cannot set up that ignorance to avoid the obligation absent fraud or misrepresentation. Gunnels v.Jimmerson, 331 So.2d 247 (Ala. 1976).
Nosrat attempts to come within the fraud or misrepresentation exception set out in Gunnels by arguing that he was defrauded by the actions of Edwin and, thus, he is not liable on the note. The exception is stated thus:
 ". . . [A] party who puts his signature thereto cannot avoid the obligations therein assumed by pleading his ignorance of its contents, unless his signature has been procured thereto by fraudulent representations of the other party or his agent as to its contents. . . ."
State Building Loan Association v. Bradwell, 227 Ala. 606, at 609, 151 So. 689 (1933). Shirley Waldrep was also defrauded in the same transaction. No evidence was offered to prove the "defrauder" was an agent for Shirley or that she had any knowledge of his actions.
When one of two innocent parties must suffer, even by a fraud perpetrated by another, the law imposes the loss upon the party who, by his misplaced confidence, has enabled the fraud to be committed. Dinsmore v. Cooper, 212 Ala. 485, 103 So. 460
(1925). See also East Gadsden Bank v. First City National Bankof Gadsden, 50 Ala. App. 576, 281 So.2d 431 (1973); andDozier v. First Alabama Bank of Montgomery, N.A., 363 So.2d 781
(Ala.Civ.App. 1978). It is apparent to this court that a closer examination of the document by Nosrat would have revealed the true nature of the document he signed. Nosrat submitted no evidence that he was unable to read the promissory note before he signed it. While we sympathize with Nosrat, we are bound by the principle that imposes the loss upon the party who, by his misplaced confidence, has enabled another to commit the fraud.J.R. Watkins Medicine Co. v. Hargett, 209 Ala. 165, 95 So. 811
(1923).
The judgment is reversed and this cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.