Chris Koullas and Fashion Rite, Inc., appeal from the trial court's denial of their motions to compel arbitration and to stay proceedings pending arbitration of claims brought against them by Hazel Ramsey and Apparel Creations of America, Inc.
 I.
Hazel Ramsey incorporated Apparel Creations of America, Inc. ("Apparel Creations"), in October 1987, and all of its 100 shares of stock were issued to her. Shortly thereafter, she entered into a contract to sell and transfer 60% of her Apparel Creations stock to Chris Koullas. The contract included a clause providing that disputes between the parties arising under the contract would be determined by arbitration. The sale and transfer of stock were completed according to the terms of the contract in 1987.
In 1988, Koullas became a director of Apparel Creations and served in that capacity for the next eight years. In 1996, Hazel Ramsey and Apparel Creations (hereinafter collectively referred to as "Ramsey") filed this action against him, alleging conversion, usurpation of corporation opportunity, and breach of fiduciary duty, all arising from his activities as a corporate director of Apparel Creations. Ramsey claimed that Koullas had siphoned off substantially all the profits of the corporation and had converted them for his personal gain, thereby oppressing Hazel Ramsey's right as a minority shareholder to receive dividends. Ramsey further claimed that Koullas usurped Apparel Creations' corporate opportunities by using a large portion of its profits to establish and develop a separate corporation, Fashion Rite, Inc., in which he was the sole shareholder; Ramsey included Fashion Rite, Inc., as a defendant in regard to this claim. Ramsey also alleged that Koullas had breached his fiduciary duty as a corporate director by structuring business dealings that placed the interests of Fashion Rite and himself over those of Apparel Creations and Hazel Ramsey as its minority stockholder.
Koullas and Fashion Rite moved to compel arbitration of Ramsey's claims pursuant to the arbitration clause contained within the 1987 contract under which Hazel Ramsey had sold and transferred 60% of the stock of Apparel Creations to Koullas. Ramsey opposed the motion, arguing that these claims did not arise under the terms of that contract and were therefore not subject to the arbitration clause contained therein. After a hearing, the trial court denied the defendants' arbitration motions.
 II.
The Federal Arbitration Act, 9 U.S.C. § 2 et seq., mandates arbitration of a claim where a contract contains a written agreement calling for arbitration and where the contract evidences a transaction involving interstate commerce. The parties stipulate that the contract for the sale of stock — between Hazel Ramsey, an Alabama resident, and Chris Koullas, a Georgia resident — involved interstate commerce. The issue here is whether the arbitration clause contained within that contract applies to claims based upon Koullas's alleged activities as an Apparel Creations corporate director.
The strong federal policy favoring the enforceability of arbitration contracts is designed to place arbitration agreements on *Page 417 
the same footing as any other contract. Allied-Bruce TerminixCompanies v. Dobson, 513 U.S. 265, 115 S.Ct. 834,130 L.Ed.2d 753 (1995). Like any other contract, an arbitration agreement must be enforced in accordance with its terms; both federal and state courts have consistently recognized that the duty to arbitrate is a contractual obligation and that a party cannot be required to arbitrate any dispute that he or she has not agreed to arbitrate. AT T Technologies, Inc. v.Communications Workers of America, 475 U.S. 643,106 S.Ct. 1415, 89 L.Ed.2d 648 (1986); A.G. Edwards Sons v. Clark,558 So.2d 358 (Ala. 1990). Whether an arbitration agreement applies to a dispute between the parties is to be determined by the language of the contract entered into by the parties. BlountInt'l, Ltd. v. James River-Pennington, Inc., 618 So.2d 1344
(Ala. 1993).
In the event of an ambiguity or uncertainty over the applicability of an arbitration clause, federal policy dictates that it be resolved in favor of arbitration.Allied-Bruce. However, this Court will not stretch the language of a contract to apply to matters that were not contemplated by the parties when they entered the contract. Seaboard Coast LineR.R. v. Trailer Train Co., 690 F.2d 1343 (11th Cir. 1982). To determine whether the arbitration clause applies to this dispute, we must consider the intent of the parties, as it is expressed in the language of the capital stock sales contract.
It is undisputed that the contract was intended to be the instrument for Hazel Ramsey's sale of capital stock in Apparel Creations to Koullas. It was entitled "Agreement for Sale and Transfer of Capital Stock," and it stated:
"SALE AND PURCHASE OF STOCK
 "Seller will sell to Buyer 60 shares of the issues and outstanding capital stock of Apparel Creations of America, Inc. (Corporation), free of all liens and encumbrances, that being sixty percent (60%) of all the Corporation's issued and outstanding capital stock owned by Seller, and Buyer will purchase the shares subject to the provision of this Agreement. It is understood that there are 100 shares of outstanding capital stock of Apparel Creations of America, Inc. Seller herein presently owns 100% (100 shares) of said capital stock and Purchaser presently owns 0% (00 shares) of said stock."
After this statement of intent, the contract set out the purchase price of the stock and the method of its payment. It then recited a number of warranties reflecting that, at that time, Apparel Creations was a properly organized corporation whose shares were free of liens. It reflected certain assets and liabilities of the company and contained detailed provisions requiring Hazel Ramsey to indemnify Koullas, and/or Apparel Creations, for any loss caused by any undisclosed indebtedness of the corporation, prior to the sale of stock. The contract also verified that Koullas had conducted his own inspection of Apparel Creations' property and was not relying solely on Hazel Ramsey's representations in buying the stock. The parties acknowledged that their respective representations would survive the closing of the sale and that each would have certain rights and responsibilities in the event of loss or destruction of corporate assets before the closing of the sale.
After detailing the documents to be delivered at the closing, the contract included the following arbitration clause:
"ARBITRATION
 "Any and all disputes between the parties arising under this Agreement shall be determined by Arbitration in the City of Wetumpka, Alabama, before the American Arbitration Association in accordance with its rules then obtaining, and judgment may be entered under the award."
(Emphasis added.) The contract concluded by stating the time and place for closing the sale of Apparel Creations stock to Koullas.
 III.
Where, as here, an arbitration clause refers to disputes or controversies "arising under" an agreement, the clause will apply only to those claims arising under the terms of the agreement, and it will not extend to matters or claims independent of, or *Page 418 
merely collateral to, the agreement. Old Republic Ins. Co. v.Lanier, 644 So.2d 1258 (Ala. 1994). We agree that, in order for a dispute to be characterized as arising out of or relating to the subject matter of the contract, and thus subject to arbitration, it must at the very least raise some issue that cannot be resolved without a reference to or construction of the contract itself. Dusold v. Porta-John Corp., 167 Ariz. 358,807 P.2d 526 (Ct.App. 1990); Terminix Int'l Co., L.P. v.Michaels, 668 So.2d 1013 (Fla.Dist.Ct.App. 1996); Greenwoodv. Sherfield, 895 S.W.2d 169 (Mo.App. 1995). If there is no such connection between the claim and the contract, then the claim could not reasonably have been intended to be subject to arbitration within the meaning of a clause that required arbitration only for claims "arising out of or related to" the contract. Dusold.
Koullas has not established such a connection here; Ramsey's claims against him as a corporate director do not require for their resolution a reference to or a construction of the sales contract. Nothing in the contract addresses the manner and method by which Apparel Creations was to be managed after the sale of the stock. It does not name Koullas as a corporate director, and it does not even mention how the shareholders would be involved within the corporation. It does not address the amount of salaries, commissions, or dividends that would be paid to corporate officials or stockholders. It is silent as to any duties or responsibilities that the parties would owe to the corporation after the sale and transfer of the stock. Simply put, every term of the contract relates exclusively to some aspect of the one-time sale of corporate stock, which was completed in 1987, before Koullas even became a corporate director of Apparel Creations.
If Ramsey was alleging any wrongdoing in the making of the sales contract or in its performance, or was alleging violation of its provisions, then Ramsey's claims might reasonably be said to "arise under" the contract and therefore be subject to the limited arbitration clause contained therein. As it is, Ramsey's allegations against Koullas arise solely from his actions as a corporate director, not as a buyer of stock under the sales contract.
In an attempt to show some connection between the sales contract and Ramsey's claims, Koullas emphasizes that it was the sales contract that effectively established Hazel Ramsey as the minority shareholder in Apparel Creations, and that she has brought this action both as an individual and as a minority stockholder in the company. He concludes that this is sufficient to establish that her claims "arise under" the contract, regardless of the fact that its provisions are limited to the terms of sale. We do not agree.
While federal law favors arbitration where a reasonable interpretation of the arbitration agreement would cover the dispute, Moses H. Cone Memorial Hospital v. Mercury Constr.Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the necessary relationship between the dispute and the contract is not established simply by the fact that the dispute would not have arisen absent the existence of a contract between the parties. A.G. Edwards Sons, Inc. v. Clark, supra, citing with approval Armada Coal Export, Inc. v. Interbulk, Ltd.,726 F.2d 1566 (11th Cir. 1984). We cannot reasonably conclude that every claim that tangentially relates to Hazel Ramsey as a minority shareholder necessarily "arises under" the sales contract, merely because the contract effectively placed her in that position. "[S]uch [a] connection is not sufficiently close to constitute a dispute arising during the execution, or performance," of the sales contract. Armada Coal Export, at 1568.
The trial court correctly determined that Ramsey's claims did not arise under the 1987 contract and that they are not subject to the arbitration clause therein. Its order denying the defendants' arbitration motions is affirmed.
AFFIRMED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, and COOK, JJ., concur. *Page 419