Sterling Foster, Jr., sued Mitchell Nissan, Inc., alleging fraudulent suppression, negligent or wanton suppression, reckless misrepresentation, and breach of warranty. Mitchell Nissan moved to compel arbitration of Foster's claims. The trial court denied the motion. Mitchell Nissan appealed the order denying arbitration. We reverse and remand.
 I.
In January 1996, Foster purchased an automobile from Mitchell Nissan. The automobile had a faulty transmission that could not be repaired, and Foster contacted Mitchell Nissan about the problem. Mitchell Nissan stated that it would find another automobile for Foster, and in May it sold Foster a second automobile. The purchase agreement for the second automobile contained a one-year warranty and an arbitration provision. The arbitration provision reads:
 "Arbitration Clause: Buyer acknowledges and agrees that the vehicle purchased herein has travelled in interstate commerce. Buyer thus acknowledges that the vehicle and other aspects of the sales transaction are involved in, or have a direct impact upon, interstate commerce.
 "Buyer and Dealer agree that all claims, demands, disputes or controversies of every kind or nature that may arise between them concerning any of the negotiations leading to the sale of the vehicle, terms and provisions of the sale, the performance or condition of the vehicle, or any other aspects of the vehicle and its sale shall be settled by binding arbitration conducted pursuant to the provision of 9 U.S.C. § 1 et seq. and according to the Commercial Rules of the American Arbitration Association. Without limiting the generality of the foregoing, it is the intention of the Buyer and the Dealer to resolve by binding arbitration all disputes between them concerning the vehicle, its sale and its condition, including disputes concerning the terms and conditions of the sale, the condition of the vehicle, any damage to the vehicle, the terms and meaning of any of the documents signed or given in connection with the sale, any representations, promises or omissions made in connection with negotiations for the sale of the vehicle, or any terms, conditions, or representation made in connection with the financing, credit life insurance, disability insurance and vehicle service contract purchased or obtained in connection with the vehicle.
 "Either party may demand arbitration by filing with the American Arbitration Association a written demand for arbitration along with a statement of the matter in controversy. A copy of the demand for arbitration shall simultaneously be served upon the other party. The Buyer and the Dealer agree that the arbitration proceeding to resolve all such disputes shall be conducted in the city where the Dealer's facility is located."
In December 1996, Foster's second automobile stopped working. Foster asked Mitchell Nissan to repair the vehicle pursuant to the warranty provision of the contract. Mitchell Nissan told Foster that even with the benefit of the warranty, he would need to pay for one half of the repairs.
In January 1998, Foster sued Mitchell Nissan, alleging fraudulent suppression, negligent or wanton suppression, reckless misrepresentation, and breach of warranty.[1] Mitchell Nissan moved to compel arbitration of Foster's claims. Foster opposed the motion, arguing that he has only a sixth-grade reading level and, therefore, should not be obligated by the arbitration *Page 140 
provision. After conducting a hearing on the motion, the trial court denied it, holding that Foster's limited reading ability rendered his assent to the contract (including the arbitration provision) ineffective. Mitchell Nissan filed a motion to alter, amend, or vacate the order denying arbitration. The trial court vacated the order. After holding another evidentiary hearing, the court again denied Mitchell Nissan's motion to compel arbitration. Mitchell Nissan appealed from the order denying arbitration.
 II.
Section 2 of the Federal Arbitration Act ("FAA") provides that "[a] written provision in any . . . contract evidencing a transaction involving [interstate] commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable."9 U.S.C. § 2. The Supreme Court of the United States has stated that the FAA establishes a strong federal policy favoring arbitration. See Moses H. Cone Mem'l Hosp. v. Mercury Constr.Corp., 460 U.S. 1, 24-25 (1983) (the FAA "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration"). Accordingly, trial courts are required to stay or dismiss proceedings and to compel arbitration when the parties have entered into a valid contract containing an arbitration agreement, and a trial court's denial of a motion to compel arbitration is subject to appeal. See, e.g., Patrick Home Center, Inc. v. Karr,730 So.2d 1171, 1172 (Ala. 1999). This Court will review de novo a trial court's order denying a motion to compel arbitration. Id.
Foster concedes that he signed the purchase agreement that contains the arbitration provision. Foster does not claim that his purchase of the automobile did not involve interstate commerce. See Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265
(1995) (holding that all arbitration provisions dealing with transactions involving interstate commerce are subject to the FAA). Foster also does not dispute that the arbitration provision is broad enough to cover his claims against Mitchell Nissan. Instead, Foster argues that he should be relieved of this contractual obligation because he has only a sixth-grade reading level. However, this rule has long been established in Alabama:
 "[A] person who signs an instrument without reading it, when he can read, can not, in the absence of fraud, deceit or misrepresentation, avoid the effect of his signature, because [he is] not informed of its contents; and the same rule [applies] to one who can not read, if he neglects to have it read, or to enquire as to its contents."
Beck Pauli Lithographing Co. v. Houppert Worcester, 104 Ala. 503,506, 16 So. 522, 522 (1894) (emphasis added). Accord Gaskinv. Stumm Handel GmbH, 390 F. Supp. 361, 366 (S.D.N.Y. 1975) ("`If the signer could read the instrument, not to have read it was gross negligence; if he could not read it, not to procure it to be read was equally negligent; in either case the writing binds him.'"). Foster was aware that he was signing a contract to purchase the automobile, and he does not allege that his signature was procured by fraud, deceit, or misrepresentation. Although Foster was aware of his limited reading ability, he did not ask his relatives who had accompanied him, or a representative of Mitchell Nissan, to read the agreement to him. Moreover, Foster did not tell a representative of Mitchell Nissan that he was unable to read or to understand any portion of the contract. Accordingly, Foster cannot avoid his contractual obligation by now asserting that he could not read the contract or understand it. See id.
Foster also argues that the arbitration provision in his contract is unconscionable, and, therefore, void. "A court should refuse to enforce an arbitration *Page 141 
agreement where the record supports a determination of unconscionability." Ex parte Napier, 723 So.2d 49, 52
(Ala. 1998). The burden of proving unconscionability of an arbitration agreement rests with the party challenging the agreement. See id. Foster asserts, without explanation, that the arbitration provision is unreasonably favorable to Mitchell Nissan, and that his limited reading ability prevented him from having a meaningful choice. However, "agreements to arbitrate are not in themselves unconscionable," Ex parteMcNaughton, 728 So.2d 592, 598 (Ala. 1998), and the fact that a buyer was unaware of an arbitration provision in a contract is not evidence that the buyer could not have obtained the desired product or service, either from this seller or from some other seller, without consenting to the arbitration provision. See Green Tree Fin. Corp. of Alabama v. Vintson,753 So.2d 497, 504 (Ala. 1999). Accordingly, Foster "failed to establish that [he] did not have any meaningful options." Id.
 III.
The circuit court improperly denied Mitchell Nissan's motion to compel arbitration. We reverse the order denying that motion and remand the cause for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
Hooper, C.J., and Maddox, Houston, Cook, Lyons, and Brown, JJ., concur.
England, J., dissents.
[1] Foster also made similar claims against Nissan Motor Acceptance Corporation, the company that had financed Foster's purchase of the automobile. However, those claims are not before this Court.