PITTMAN, Judge.
This appeal concerns the denial of a motion to compel arbitration of claims brought by Joel B. Wittmann against John Howard Homes, Ltd. (“John Howard”), in the Mobile Circuit Court. In his complaint, filed in December 2008, Wittmann asserted that representatives of John Howard asserted that a particular residential lot owned by John Howard that Witt-mann was considering purchasing would remain level and that the topography of the lot was no different than the topography of other contiguous lots; Wittmann further alleged that John Howard had lowered the subject lot after he had purchased it and had subsequently caused nearby lots to be elevated and filled so as to cause water to be diverted or channeled onto Wittmann’s lot. Wittmann’s complaint set forth claims of fraud, negligence, wantonness, and continuing trespass stemming from the alleged conduct of John Howard in marketing, selling, constructing, and attempting to repair the dwelling constructed on Wittmann’s lot.
In January 2009, John Howard filed a motion seeking the issuance of an order staying the action and compelling arbitration of Wittmann’s claims. In support of its motion, John Howard submitted several documentary exhibits, including a pur *940 chase agreement dated February 20, 2005, that expressly incorporated an addendum that contained the following pertinent clause:
“Any controversy or claim arising from or relating to this agreement, or the breach thereof, or any and all claims arising between [John Howard] and [Wittmann], their successors, or assigns shall be settled by arbitration in accordance with ... the arbitration clause in the 2-10 Home Buyer’s Warranty as found on pages 6 and 7 of the [Home Buyer’s Warranty] Booklet.... The decision of the arbitrator shall be final and binding and may be entered as a judgment in any State or Federal court of competent jurisdiction. Arbitration shall include, but not be limited to, the determination by the arbitrator of the scope of arbitration and the arbitrability of controversies or claims. The parties acknowledge and agree that the transactions contemplated by this Agreement, which include the use of materials and components from out of state in the home, involve interstate commerce as that term is used in the Federal Arbitration Act, 9 U.S.C. § 1 et seq. The site of such arbitration shall be Mobile County, Alabama.
“[John Howard] and [Wittmann] agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties further understand that they have a right or opportunity to litigate disputes through a court, but they prefer to resolve their disputes through arbitration, except as provided herein. The parties voluntarily and knowingly waive any right they have to a jury trial. The decision of the arbitration shall be final and binding on the parties and access to judicial forum is foreclosed, except to enforce an arbi-tral decision.
“[John Howard] and [Wittmann] agree and understand that all disputes arising under case law, statutory law, and all other laws including, without limitation, all contract, tort, and property disputes, whether or not such disputes arise under or are related to this contract, will be subject to binding arbitration in accord with this Agreement.”
(Emphasis added.) Pages 6 and 7 of the warranty booklet, in pertinent part, stated:
“Any and all claims, disputes and controversies by or between [Wittmann and John Howard] ... arising from or related to this Warranty, to the subject Home, to any defect in or to the subject Home or the real property on which the subject Home is situated, or the sale of the subject Home by [John Howard], including without limitation, any claim of breach of contract, negligent or intentional misrepresentation or nondisclosure in the inducement, execution or performance of any contract, including this arbitration agreement, and breach of any alleged duty of good faith and fair dealing, shall be settled by binding arbitration. Agreeing to arbitration means you are waiving your right to a jury trial.
[[Image here]]
“... The decision of the arbitrator shall be final and binding and may be entered as a judgment in any State or Federal court of competent jurisdiction.
“This arbitration agreement shall be deemed to be a self-executing arbitration agreement. Any disputes concerning the interpretation or the enforceability of this arbitration agreement, including without limitation, its revoca-bility or voidability for any cause, the scope of arbitrable issues, and any defense based upon waiver estoppel or laches shall be decided by the arbitrator.
*941 [[Image here]]
“The parties expressly agree that this Warranty and this arbitration agreement involve and concern interstate commerce and are governed by the provisions of the Federal Arbitration Act (9 U.S.C. § 1, et seq.) now in effect and as the same may from time to time be amended, to the exclusion of any different or inconsistent state or local law, ordinance or judicial rule; and to the extent that any state or local law, ordinance or Judicial rule shall be inconsistent with any provision of the rules of the arbitration service under which the arbitration proceeding shall be conducted, the latter rules shall govern the conduct of the proceeding.”
Wittmann filed a response to the motion to compel arbitration in which he contended that his claims were not subject to arbitration. Specifically, he argued that the warranty that contained the second of the two arbitration clauses quoted at length above excluded substantive coverage for claims asserting a number of claimed types of damage, including claims arising out of noncompliance with accepted grading practices or failure to maintain the original grade; claims of damage to driveways or landscaping; certain claims based on standing or ponding water caused by changes in grade or placement of sod, fencing, or other obstructions; and claims stemming from soil erosion and runoff caused by a contractor’s failure to maintain the properly established grades, drainage structures, and swales. The trial court apparently agreed with Wittmann’s position that the warranty’s exclusion of coverage for his claims mandated the conclusion that arbitration should not be compelled, because that court entered an order denying the motion to compel arbitration on June 26, 2009. John Howard timely appealed to the Alabama Supreme Court from that order;[1] the appeal was subsequently transferred to this court pursuant to Ala.Code 1975, § 12-2-7(6).
An appellate court “reviews de novo [a] trial court’s denial of [a] motion to compel arbitration.” Jim Burke Auto., Inc. v. McGrue, 826.So.2d 122, 128 (Ala.2002). A party seeking to compel arbitration, such as John Howard, “has the initial burden of proving the existence of a contract calling for arbitration and proving that that contract evidences a transaction involving interstate commerce.” Title Max of Birmingham, Inc. v. Edwards, 973 So.2d 1050, 1052 (Ala.2007). Once that initial burden is met, a nonmovant, such as Wittmann, “then has the burden to present evidence tending to show that the arbitration agreement is invalid or inapplicable to the case.” Id. at 1052-53. Here, John Howard adduced evidence tending to show that Wittmann voluntarily assented to not one, but two, agreements in which the parties consented to waive their rights to a judicial resolution of their disputes in the first instance, choosing instead an alternative-dispute-resolution process.
To be sure, as Wittmann contends, both the purchase-agreement addendum and the warranty booklet provide that controversies or claims “arising from” the purchase agreement or the warranty were subject to arbitration, a term that has been construed in a comparatively narrow manner. Old Republic Ins. Co. v. Lanier, 644 So.2d 1258 (Ala.1994) (interpreting term “arising under” as applying only to those claims actually stemming from the agreement rather than as extending to indepen *942 dent or collateral matters or claims). However, the pertinent agreements in this case go further by also requiring arbitration of claims and disputes “relating to” or “related to” those agreements, a term that is subject to a less restrictive construction and that ‘“covers a broad range of disputes.’ ” AmSouth Bank v. Dees, 847 So.2d 923, 933 (Ala.2002) (quoting Vann v. First Cmty. Credit Corp., 834 So.2d 751, 754 (Ala.2002)).[2] More importantly, perhaps, the documents go on to include, within the scope of claims to be arbitrated, even more potential claims: the warranty specifically refers to “claims, disputes and controversies ... related to ... any defect in or to the subject Home or the real property on which the subject Home is situated,” including those stemming from “misrepresentation or nondisclosure,” whereas the purchase-agreement addendum broadly includes within the scope of its arbitration agreement “any and all claims arising between” the parties. We thus cannot agree with Wittmann that the claims he has asserted against John Howard do not fall -within the scope of the pertinent agreements to arbitrate.
It may well prove to be the case that no person or entity will be found to be contractually responsible, under the terms of the pertinent warranty, to cure a number of the items of damage claimed to have been incurred by Wittmann. That potential contractual defense does not, however, bar the enforcement of an arbitration clause in that warranty compelling the referral of all claims “related to” the warranty to arbitration. As a Florida appellate court held in upholding the applicability of an arbitration agreement in a similar factual and legal context, “[b]y the terms of the arbitration agreement, the parties agreed to submit claims to arbitration that were far broader than claims made under the warranty agreement, as long as those claims related to the subject home or the real property.” Mercedes Homes, Inc. v. Colon, 966 So.2d 10, 12 (Fla.Dist.Ct.App.2007). We thus conclude that the trial court erred in concluding that the claims asserted by Wittmann against John Howard were not subject to arbitration. The trial court’s order is reversed, and the cause is remanded for the entry of an order granting John Howard’s motion to stay and to compel arbitration.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and BRYAN and THOMAS, JJ., concur.
MOORE, J., recuses himself.

. Rule 4(d), Ala. R.App. P., allows for an immediate appeal of an order granting or denying a motion to compel arbitration.

. To the extent that Wittmann seeks to rely upon Koullas v. Ramsey, 683 So.2d 415, 418 (Ala.1996), as authority for adopting a strict construction of the term "related to,” we need only note that AmSouth Bank specifically noted that the statements made in Koullas on that issue were obiter dicta. 847 So.2d at 932.