Filed 3/8/13  Wilson v. Superior Court CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| WILLIAM C. WILSON et al., | B242852 |
| Petitioners, | (Super. Ct. No. BC483169) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| SAN MARINO SKILLED NURSING & WELLNESS CENTRE, LLC, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDING.  Petition for writ of mandate.  Richard Fruin, Judge.  Petition granted.

Klinedinst, Heather L. Rosing, Daniel S. Agle and E. Erin Veit for Petitioners.

No appearance for Respondent.

Dempsey & Johnson, Michael D. Dempsey and Rebecca A. Asuan-O'Brien for Real Party in Interest.

William C. Wilson (Wilson) and his law firm Wilson Getty LLP (collectively "petitioners") are the defendants in an action pending in Los Angeles Superior Court. They have filed a petition for writ of mandate challenging an order denying their motion to transfer venue of the pending action to San Diego County. After considering their petition, this court concluded that San Diego County was in fact the proper venue for the pending action. Accordingly, this court issued an order pursuant to *Palma v. U.S. Industrial Fasteners Inc*. (1984) 36 Cal.3d 171, 180 (*Palma*), notifying the superior court that we intended to issue a peremptory writ in the first instance unless the superior court vacated its denial order and issued a new order transferring the action to San Diego County. As part of the *Palma* order, this court issued a temporary stay of all proceedings in the pending action.

After a hearing on the matter, the superior court notified this court of its decision not to comply with our order issued pursuant to *Palma*. We directed the plaintiff and real party in interest, San Marino Skilled Nursing & Wellness Centre, LLC (San Marino Centre) to file a response to the petition for writ of mandate. Neither petitioners nor San Marino Centre have requested oral argument before this court.

We hereby issue a peremptory writ in the first instance directing the superior court to vacate its order denying petitioners' motion to transfer venue of the underlying action to San Diego County, and issue a new order granting said motion. The temporary stay is now lifted and the matter may proceed in accordance with the present decision.

**BACKGROUND**

San Marino Centre sued petitioners for legal malpractice in Los Angeles Superior Court. The amended complaint alleged the following:

On or about November 1, 2008, San Marino Centre leased a skilled nursing facility in the City of Pasadena known as the San Marino SNF. At the same time, San Marino Centre and Country Villa Service Corp. (Country Villa) entered into an agreement under which Country Villa managed the day-to-day operations and finances of San Marino SNF and provided care to the patients of San Marino SNF. The agreement contained an indemnification provision that obligated Country Villa to indemnify San

2

Marino Centre for any damages arising from Country Villa's gross negligence, recklessness, or willful misconduct.

In 2010, Samuel Nevarrez sued San Marino Centre and Country Villa, alleging that while he was a patient at the San Marino SNF, he fell nine times and suffered severe head injuries.[1] Pursuant to the indemnification provision, Country Villa called upon its regular attorney, Wilson, to defend Country Villa and San Marino Centre in the Nevarrez personal injury action. Wilson is a partner at the law firm of Wilson Getty, LLP, which is a limited liability partnership with its place of business in San Diego County.

The matter was tried in Los Angeles Superior Court. A jury issued a verdict in favor of Nevarrez and found San Marino Centre and Country Villa jointly and severally liable for over $2 million.

After San Marino Centre filed its malpractice action against petitioners, petitioners moved to transfer the action to San Diego County. In support of their motion, petitioners put forth a declaration by Wilson made under penalty of perjury. In this declaration, Wilson averred that: In or about May 2010, Wilson spoke on the telephone with the general counsel (GC) of Country Villa about the Nevarrez action that had been filed against Country Villa and San Marino Centre. During the telephone call, which took place while Wilson was sitting in his office in San Diego, Wilson agreed to represent Country Villa and San Marino Centre in the Nevarrez action. There was no engagement agreement or contract signed regarding Wilson's representation of San Marino Centre in the Nevarrez action.[2] At all relevant times, Wilson resided in San Diego and the offices of William Getty, LLP, were located in San Diego County.

In opposition to the transfer motion, San Marino Centre submitted a declaration by its attorney, Michael Dempsey. In this declaration, also made under penalty of perjury, Dempsey averred that he intended to call multiple witnesses from Los Angeles County to

[1]    For brevity, we will refer to the action brought by Samuel Nevarrez as "the Nevarrez action."

[2]    The record does not indicate whether or not Wilson memorialized his agreement to represent Country Villa in a written instrument.

3

testify in the malpractice action, that "relevant documents" are located in Los Angeles County, that the trial court and appellate court[3] files are located in Los Angeles County, and that the only anticipated witnesses from San Diego County are Wilson and expert witnesses.

The superior court issued a tentative ruling denying the motion to transfer venue, reasoning:

"[Code of Civ. Proc., §] 395 provides: '. . . if a defendant has contracted to perform an obligation in a particular county, the superior court in the county where the obligation is to be performed . . . is a proper court for the trial on an action founded on that obligation . . .' CCP 395(a) then adds: '. . . and the county where the obligation is incurred is the county where it is to be performed.'"

"The action arises from plaintiff's hiring of defendants to represent plaintiff in a legal action filed in Los Angeles County. The hiring was not memorialized by a writing. The legal action in which defendants represented plaintiff was filed and tried to verdict in Los Angeles County. Plaintiff now brings suit against defendants for their alleged negligent performance of that obligation. The action, therefore, is properly sited in Los Angeles County because that is where the obligation was performed and, therefore, where the alleged legal malpractice occurred."

At the hearing, counsel for petitioners argued that courts have interpreted the phrase "where the [contractual] obligation is incurred" to mean "where the contract is entered into" and, here, San Diego County is where the contract was entered into. The superior court rejected that argument, stating: "I think 'incurred' means where the performance is to occur." After the hearing, the court declared its tentative ruling to be the final ruling.

---

[3]     San Marino Centre and Country Villa are currently appealing the judgment entered in favor of Samuel Nevarrez. (Court of Appeal case No. B235372.)

4

## II. Discussion

### A. *Standard of Review*

A party aggrieved by an order granting or denying a motion to change the place of trial may petition this court for a writ of mandate requiring trial of the matter in the proper court. (Code Civ. Proc., § 400)[4] "An appellate court reviews such an order under the abuse of discretion standard. [Citation.] A trial court abuses its discretion when venue is mandatory in a county other than the county where the action has been brought." (*State Bd. of Equalization v. Superior Court* (2006) 138 Cal.App.4th 951, 954.) In cases where our review of a superior court's decision on a motion to transfer "is predominantly legal," a de novo standard review is appropriate. (*Kennedy/Jenks Consultants, Inc. v. Superior Court* (2000) 80 Cal.App.4th 948, 959.)

### B. *Section 395, subdivision (a)*

Section 395, subdivision (a) provides in relevant part:

"[I]f a defendant has contracted to perform an obligation in a particular county, the superior court in the county where the obligation is to be performed, where the contract in fact was entered into, or where the defendant or any defendant resides at the commencement of the action is a proper court for the trial of an action founded on that obligation, and **the county where the obligation is incurred is the county where it is to be performed, unless there is a special contract in writing to the contrary**." (Emphasis added.)

At first glance, section 395, subdivision (a) appears to set forth three *different* axes to determine the proper county in which an action based on an alleged breach of contract should be filed: (1) the county where the obligation is to be performed; (2) the county where the contract was entered into; or (3) the county where the defendant or any defendant resides at the commencement of the action.

---

[4]     All further statutory references are to the Code of Civil Procedure unless otherwise specified.

The Supreme Court in *Dawson v. Goff* (1954) 43 Cal.2d 310 (*Dawson*) explained, however, that the first and second axes mean the same thing *unless* there is a written contract specifying that the place of performance is some place other than where the contract was entered into. This is because the final clause of section 395, subdivision (a)[5] (emphasized above), deems the county where the obligation is to be performed as the county where the obligation is incurred, or entered into, unless there is a specific written contract to the contrary. (See *Dawson*, *supra,* at p. 315 ["Under the section[,] the county where the contract is made is deemed to be the county where it is to be performed unless there is a special contract in writing to the contrary"].)

Thus, the Supreme Court explained about section 395, subdivision (a): "The section in effect says that '. . . all actions arising on contract shall be tried in the county in which the defendant resides, or in which the contract was made, unless the defendant has contracted specifically and in writing as to the county in which his obligation is to be performed, in which event such county is also a proper county for the trial of action.'" (*Dawson*, *supra*, 43 Cal.2d at pp. 314-315, citing *Armstrong v. Smith* (1942) 49 Cal.App.2d 528, 532.) Stated another way, "[t]he counties in which an action on the contract may be tried are two, that of defendant's residence or where the contract is made, unless there is a special contract in writing to the contrary." (*Dawson, supra,* at p. 315; see also *Mitchell v. Superior Court* (1986) 186 Cal.App.3d 1040, 1045-1046 [in an action founded on contract, "the general rule is that only two proper venues exist: the county where the contract was entered into (obligation incurred) and the county of defendant's residence. A third proper venue will arise only when there is 'special contract in writing to the contrary'"].)

Here, there is no dispute that petitioners and San Marino Centre did not have a written contract specifying that the place of performance was different than the place

---

[5]   In 1954, section 395, subdivision (a) was actually section 395, subdivision (1). The language of the two provisions, however, are virtually identical. (See *Dawson*, *supra*, 43 Cal.2d at p. 314 quoting language of § 395, subd. (1).)

where the obligation was entered into or incurred. Thus, under section 395, subdivision (a), the place of performance *was* the place that the contract was entered into. And, here, the contract was "entered into" in San Diego County because that is where Wilson accepted the telephonic offer made by Country Villa to represent Country Villa and San Marino Centre in the Nevarrez lawsuit. (See *Wilson v. Scannavino* (1958) 159 Cal.App.2d 369, 371 ["'The law is that a contract made by telephone is entered into at the place where the recipient of the call is at the time he accepts the offer'"].)

In its response to the petition for writ of mandate, San Marino Centre claims petitioners "did not confirm they had undertaken to represent San Marino until they filed an answer to the complaint in the Underlying Action in Pasadena." But San Marino Centre cites no legal authority, and this court did not come across any such authority in its own research, that supports the proposition that an attorney's obligation to represent a client is only "confirmed" when that attorney files an answer, or some other court filing. Indeed, such a proposition would mean that even if an attorney agrees to represent a client, that attorney is under no contractual obligation to do so until he or she files a responsive pleading or some other document with a court, a dubitable proposition at best.

### C. Additional Arguments

San Marino Centre argues that even if this court disagrees with the superior court's interpretation of section 395, subdivision (a), there are "additional independent reasons to uphold the denial of [petitioners'] motion to transfer venue."

First, San Marino Centre argues that petitioners are equitably estopped from relying on the fact that there is no written instrument specifying where the contract was to be performed because petitioners did not fulfill their ethical obligation under the California Rules of Professional Conduct, rule 3-310, to provide a written disclosure to San Marino Centre that petitioners were representing two parties with potentially adverse interests.[6]

---

**6** That rule provides: "A member shall not accept or continue representation of a client without providing written disclosure to the client where: [¶] (1) The member has a

This argument misses the mark. Even if petitioners had presented a written disclosure about the potential conflict of interest stemming from their simultaneous representation of Country Villa and San Marino Centre, there is absolutely no requirement under rule 3-310 that this written disclosure indicate a specific place of performance for the contract between petitioners and San Marino Centre. Undoubtedly, petitioners' failure to provide this written disclosure will be relevant to the merits of the malpractice action. However, it is irrelevant to the issue of whether petitioners had a duty to provide San Marino Centre with a written contract specifying that the place of performance would be different from the place the obligation was incurred.

Second, San Marino Centre argues that the superior court did not err by denying the motion to transfer venue because section 397, subdivision (c) empowers the court to keep the action in Los Angeles County to promote the convenience of witnesses and the ends of justice.

Section 397, subdivision (c) grants a superior court discretion to transfer an action that is filed in a *proper county* to another county "[w]hen the convenience of witnesses and the ends of justice would be promoted by the change." But, that statutory provision does not grant a court the power to retain a case that has been improperly filed to begin with. (See Civil Procecure Before Trial (The Rutter Group 2012) ¶¶ 3:551-3:553, pp. 3-134 & 3-135 (rev. #1, 2011).) While San Marino Centre may very well be able to make a compelling argument that the convenience of witnesses and the ends of justice would be promoted by trying the case in Los Angeles, that argument is for the superior court in San Diego County to consider once the action is transferred to that court.

---

legal, business, financial, professional, or personal relationship with a party or witness in the same matter." (Cal. Rules of Prof. Conduct, rule 3-310(B).)

## DISPOSITION

Let a peremptory writ of mandate issue directing the superior court to vacate its order denying petitioners' motion to transfer venue to San Diego County, and to enter a new order granting said motion. The temporary stay imposed by this court in its *Palma* order is hereby lifted.[7]


_____, P. J.
BOREN


We concur:


_____, J.
ASHMANN-GERST


_____, J.
CHAVEZ

---

[7]  The parties shall bear their own costs related to this proceeding.